CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 26 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MATTHEW ONEAL WALL, | ) | CASE NO. 7:12CV00020 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| NURSE RICKY NEICE, ET AL., | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

Matthew Oneal Wall, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that nurses at a local jail have violated his constitutional rights by failing to provide him with treatment for Hepatitis C and a sore ankle. Upon review of the complaint and Wall's other submissions, however, the court summarily dismisses the action.

I

Wall's submissions provide somewhat scattered information relevant to his claims. Wall is incarcerated at the Abingdon prison facility operated by the Southwestern Virginia Regional Jail Authority ("the jail"). On December 22, 2011, Wall received a three-year prison sentence, followed by two years of probation. Given the length of his sentence, Wall expects to be transferred soon to a prison facility operated by the Virginia Department of Corrections (VDOC).

In December 2011, Wall tested positive for the Hepatitis C virus ("HCV"). In early January, Wall started filing grievances asking for treatment of this condition. Wall also complained to medical staff in November and December 2011 of pain from "shattered bones in [his] right ankle where [he was] shot [a] few years back," and pain in his hands from a torn ligament. (Id.)

On January 4, 2012, staff advised Wall that an earlier blood test result indicated that Wall's "enzymes" were elevated. Staff told him, however, that they "were not able to meet [his] medical rights" and that by giving him medication for his HCV, they would be "hurting [him] more." (Compl. 4.) Staff provided Wall with information about conservative Treatment of Hepatitis C that is offered to VDOC patients who do not qualify for medication treatment. (Pl'ff's Mot. Transfer 3.) This information indicates that HCV patients should avoid high doses of Tylenol. Nevertheless, at some point, when Wall complained of pain, nurses brought him Tylenol. Wall told the nurse at pill call that Tylenol was bad for him, but she made him take the medication anyway for seven days, along with other medications medical staff was providing to him. Wall alleges that his "liver started hurting [and he] couldn't use [the] bathroom." On January 26, 2012, a doctor examined Wall and prescribed "neuroton" for pain.

Wall believes that he needs surgery on his ankle and needs to start HCV treatment as soon as possible. He asks the court to order the defendants to transfer him immediately a prison facility operated by the Virginia Department of Corrections (VDOC) that could provide proper treatment for his HCV and provide surgery for his ankle.

II

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the

2

speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 102 (1976). A constitutional violation in this context involves both an objective and a subjective component. The objective component is met if the deprivation is "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). The subjective component is met if a prison official is "deliberately indifferent," that is if he "knows of and disregards an excessive risk to inmate health or safety" and responds unreasonably to the risk. Farmer, 511 U.S. at 837. A claim concerning a mere disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Questions of medical judgment are not subject to judicial review under § 1983. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975). Moreover, medical malpractice does not state a federal claim, Estelle, 429 U.S. at 105-106, nor does mere negligence in diagnosis. Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

Wall's allegations and grievances indicate that jail medical staff are not ignoring Wall's medical needs. Wall was tested for HCV, and medical staff are monitoring his enzyme levels, evaluating his eligibility for medication treatment of HCV, and providing him information about other treatment options for the future. The medical staff also provides Wall with medications, including pain medication for his ankle.

Wall is dissatisfied with the care provided by the jail staff, believing that he should receive surgery for his ankle, more frequent examinations by a doctor, no Tylenol, and immediate treatment for HCV. This disagreement between the medical staff and the patient

over the appropriate course of treatment amounts to an allegation that the staff acted negligently in making treatment decisions, which is not sufficient to show the deliberate indifference necessary to state an Eighth Amendment claim cognizable under § 1983.[1] While the court is not unsympathetic to Wall's concern about his HCV diagnosis, the court cannot question the medical staff's judgment that treatment for Wall's HCV is not warranted by his current condition. Wall's complaint fails to state facts showing that prison officials acted with deliberate indifference to a serious medical need. Thus, the Court summarily dismisses the complaint, pursuant to § 1915A(b)(1), for failure to state any constitutional claim.[2]

Moreover, Wall's primary concern is obtaining a transfer to a VDOC prison facility. Inmates have no federal constitutional right to incarceration in any particular prison, however. Meachum v. Fano, 427 U.S. 215, 226-27 (1976). Therefore, Wall has no actionable claim under § 1983 concerning the fact that he has not yet been transferred to the VDOC. The court must summarily dismiss Wall's claims concerning transfer.

For the reasons stated, the court dismisses Wall's complaint without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim. In addition, because Wall states no constitutional claim, the court must deny his pending motions for transfer and motion for appointment of counsel. An appropriate order will enter this day.

---

[1] The court declines to exercise supplemental jurisdiction over any related state law claims, pursuant to 28 U.S.C. § 1367(c), and dismisses such claims without prejudice.

[2] In a recent motion seeking transfer to a VDOC facility, Wall complains that jail staff have treated him with disrespect and arrogance, making him feel unsafe. Wall does not ask to amend his complaint to add claims, nor could he. Allegations of verbal abuse and harassment by guards, without more, do not state any constitutional claim. Henslee v. Lewis, 153 Fed. App'x 179, 179 (4th Cir. 2005) (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)).

4

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 26th day of March, 2012.

/s/ James C. Turk
Senior United States District Judge